UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.22-57385-JWC |
| Rhoda Lynn Echols, ) | |
| Debtor. ) | CHAPTER 13 |
| ) | |

## MOTION TO SELL REAL PROPERTY AND APPLICATION FOR COMPENSATION OF DEBTOR'S COUNSEL

COMES NOW Debtor and respectfully files this Motion to Sell Real Property Pursuant to Bankruptcy Rule 6004:

1.

Debtor filed the petition for relief on September 16, 2022.

2.

Debtor has a proposed contract to sell a house and associated real property located at 1874 Fort Valley Dr. SW, Atlanta GA 30311 (the "Property"). The Property is part of this Chapter 13 estate.

3.

Debtor owns an entire undivided interest in the Property.

4.

The contract, dated October 2, 2024 provides for the sale of the Property to Diamond Equity, Inc. ("Buyer"), who is neither an insider nor a creditor, for the sum of $110,000.00 (Exhibit A).

5.

The proceeds of the sale are to be applied at closing as follows (Exhibit B)*:

| | |
|---|---|
| a. Mortgage Company (to be paid in full at closing) | $71,000.00 |
| b. Miscellaneous closing costs | $0.00 |
| c. Net Proceeds to Bankruptcy Estate | $39,000.00 |

* The acutal amounts may be adjusted at closing.

6.

The Property is subject to a mortgage in the amount of approximately $71,000.00 (pursuant to the mortgage company's proof of claim) in favor of SN Servicing ("Mortgage Company"). The Mortgage Company has approved or, as a condition of the closing, will approve prior to the closing: (i) the sale of the Property and (ii) the payment it receives at closing as full satisfaction of is promissory note and mortgage on the Property.

7.

Debtor believes that the sale of this property is in the best interest of the estate and the creditors and that such sale will assist in the effectuation of the Debtor's financial reorganization.

8.

For resolving this Motion to Sell Real Property, King & King Law LLC is entitled to additional fee of $500.00, over and above the base fee of $4,950.00 as set forth in Debtor's "Disclosure of Compensation of Attorney for Debtor" ("Disclosure Statement") filed in this case.

9.

King & King Law LLC is applying to the Bankruptcy Court for the allowance and payment of the above-stated fee as set forth in the Disclosure Statement filed in this case and section 4.3 of the Debtor's confirmed Chapter 13 Plan.

WHEREFORE, Debtor prays as follows:

a) That this motion be read and considered;

b) That the Court allow the sale of this real property as stated above;

c) That King & King Law LLC's application for compensation be granted as set forth above; and

d) That this Court grant such further relief as it deems just and proper.

Respectfully submitted,
KING & KING LAW, LLC.

_____/s/
Sean Fields
Georgia Bar No. 926158
215 Pryor Street
Atlanta, GA 30303
(404) 524-6400
notices@kingkingllc.com
**Attorney for Debtor**

# Standard Agreement to Sell Real Estate

PARTIES: _Rhoda L Echols_ as Seller, and __Diamond Equity Inc.__, and/or assigns, as Buyer, hereby agrees that the Sellers shall sell and Buyer shall buy the following legally described property.

I. DESCRIPTION:
   i. Legal description of real estate
   _1874 Fort Valley Pl, SW, Atlanta, GA 30311_
   ii. Parcel Number _14 0167 0002 0297_
   iii. Included in the sale are all buildings and improvements on the property and the fixtures and appurtenant personal property belonging to the Seller, including, if any, all furnaces, heaters, stoves, ranges, hot water heaters, plumbing and bathroom fixtures, lighting fixtures, refrigerators, air conditioning equipment, dishwashers, washing machines and dryers, and all right, title and interest of Seller in and to adjacent streets, roads, alleys and rights-of-way.

II. PURCHASE PRICE: $ _110,000_
PAYMENT:
   i. Cash Deposit to be held in escrow by Buyers Designated Closing Attorney, in the amount of $ _100_
   ii. Cash, certified or local cashier's check on closing and delivery of deed, subject to adjustments and proration: $ _109,900_

III. TIME FOR ACCEPTANCE AND EFFECTIVE DATE: If this offer is not executed by both of the parties hereto on _10/2/24_ this offer shall thereafter be null and void. The date of Contract shall be the date when the last one of the Seller and Buyer has signed this offer.
Inspection and Due Diligence:
Due Diligence Period: Property is being purchased by buyer subject to a Due Diligence Period of _21_ business days from the Binding Agreement Date.

IV. CLOSING DATE: This transaction shall be closed and the deed and other closing papers delivered on or before _12/13/_ unless extended by other provisions of Contract, or by written agreement of the Parties.

V. RESTRICTIONS, EASEMENTS, and LIMITATIONS: The Buyer shall take title subject

only to: Zoning, restrictions, prohibitions and other requirements imposed by governmental authority; Restrictions and matters appearing on the plat or otherwise common to the subdivision; Public utility easements of record; Taxes for year of closing and subsequent years.

VI. OCCUPANCY: Seller will deliver occupancy upon settlement. Seller acknowledges no parties currently residing in premise.

VII. ASSIGNABLE: Buyer may assign this Contract.

VIII. TYPEWRITTEN OR HANDWRITTEN PROVISIONS: Typewritten or handwritten provisions inserted herein or attached hereto as Addenda shall control all printed provisions in conflict therewith.

IX. EVIDENCE OF TITLE: Within five days from the date hereof, Buyer, at Buyer's sole cost and expense, shall cause a title insurance company to issue and deliver an ALTA Form B title commitment accompanied by one copy of all documents affecting the Property, and which constitute exceptions to the Title Commitment. Buyer shall give Seller written notice on or before twenty days from the date of receipt of the Title Commitment, if the condition of title as set forth in such Title Commitment and survey is not satisfactory in Buyer's sole discretion. In the event that the condition of title is not acceptable, Buyer shall state which exceptions to the Title Commitment are unacceptable. Seller shall, at its sole cost and expense promptly undertake and use its best efforts to eliminate or modify all unacceptable matters to the reasonable satisfaction of Buyer. In the event Seller is unable with the exercise of due diligence to satisfy said objections within thirty days after said notice, Buyer may, at its option: (i) extend the time period for Seller to satisfy said objections, (ii) accept title subject to the objections raised by Buyer, without an adjustment in the purchase price, in which event said objections shall be deemed to be waived for all purposes, or (iii) rescind this Agreement, whereupon the deposit described herein shall be returned to Buyer and this Agreement shall be of no further force and effect.

X. LIENS: Seller shall, both as to the Property and personally being sold hereunder, furnish to Buyer at time of closing an affidavit attesting to the absence, unless otherwise provided for herein, of any financing statements, claims of lien or potential liens known to Seller and further attesting that there have been no improvements to the Property for ninety days immediately preceding date of closing.

i. In the event the property is subject to a right of redemption for a tax execution, Buyer shall have the option to redeem the property by paying off the tax lien holder, and said amount shall be deducted from the Seller's proceeds at closing.

XI. PLACE OF CLOSING: Closing shall be held at Bagwell & Associates: Address: 2931

Piedmont Rd NE C, Atlanta, GA 30305. Phone: (678) 528-1908

XII. TIME: Time is of the essence of this Contract. Any reference herein to time periods of less than six days shall in the computation thereof, exclude Saturdays, Sundays and legal holidays, and any time period provided for herein which shall end on a Saturday, Sunday or legal holiday shall extend to 5:00 p.m. of the next business day.

XIII. DOCUMENTS FOR CLOSING: Seller shall furnish deed, closing statement, mechanic's lien affidavit, assignments of leases, and any corrective instruments that may be required in connection with perfecting the title.

XIV. EXPENSES: Buyer shall pay all portions of transfer tax & Buyer shall pay all other closing costs.

XV. PRORATION OF TAXES: Taxes for the year of the closing shall be prorated to the date of closing. If the closing shall occur before the tax rate is fixed for the then current year, the apportionment of taxes shall be upon the basis of the tax rate of the preceding year applied to the latest assessed valuation. Subsequent to the closing, when the tax rate is fixed for the year in which the closing occurs, Seller and Buyer agree to adjust the prorating of taxes and, if necessary, to refund or pay, as the case may be, an amount necessary to effect such adjustments. This provision shall survive closing.

XVI. RISK OF LOSS: Seller bears the risk of loss from fire, water or other casualties until Closing. If any property included in this sale is destroyed and not replaced prior to settlement, Buyer will:
1. Accept the Property in its then current condition together with the proceeds of any insurance recovery obtainable by Seller, OR
2. Terminate this Agreement by written notice to Seller, with all deposit monies returned to Buyer.

XVII. MAINTENANCE: Notwithstanding the provisions of Paragraph XVI, between Effective Date and Closing Date, all personal property on the premises and real property, including lawn and shrubbery, shall be maintained by Seller in the condition they existed as of Effective Date, ordinary wear and tear excepted, and Buyer or Buyer's designee will be permitted access prior to closing in order to confirm compliance with this standard and arrange contractor bids, drawings, photos, and any necessary permit applications.

XVIII. PROCEEDS OF SALE AND CLOSING PROCEDURE: The deed shall be recorded upon clearance of funds and evidence of title continued at Buyer's expense, to show title in Buyer, without any encumbrances or change which would render Seller's title unmarketable from the date of the last evidence, and the cash proceeds of sale shall be disbursed by escrow agent on the date of settlement.

XIX. ESCROW: Any escrow agent receiving funds is authorized and agrees by acceptance thereof to promptly deposit and to hold same in escrow and to disburse same subject to clearance thereof in accordance with terms and conditions of Contract. Failure of clearance of funds shall not excuse performance by the Buyer.

XX. ATTORNEY FEES AND COSTS: In connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.

XXI. DEFAULT BY SELLER: In the event that Seller should fail to consummate the transaction contemplated herein for any reason, except Buyer's default or as provided in XVI.; (i) Buyer may enforce specific performance of this Agreement in a court of competent jurisdiction and in such action shall have the right to recover damages suffered by Buyer by reason of the delay in the acquisition of the Property, or (ii) may bring suit for damages for breach of this Agreement, in which event, the deposit made hereunder shall be forthwith returned to Buyer, or (iii) declare a default, demand and receive the return of the deposit.

XXII. DEFAULT BY BUYER: In the event Buyer should fail to consummate the transaction contemplated herein for any reason, except default by Seller or the failure of Seller to satisfy any of the conditions to Buyer's obligations, as set forth herein, Seller shall be entitled to retain the earnest money deposit, such sum being agreed upon as liquidated damages for the failure of Buyer to perform the duties and obligations imposed upon it by the terms and provisions of this Agreement and because of the difficulty, inconvenience and uncertainty of ascertaining actual damages, and no other damages, rights or remedies shall in any case be collectible, enforceable or available to Seller other than as provided in this Section, and Seller agrees to accept and take said deposit as Seller's total damages and relief hereunder in such event.

XXIII. BOUND AND NOTICE: This Contract shall bind and inure to the benefit of the Parties hereto and their successors in interest. Whenever the context permits, singular shall include plural and one gender shall include all. Notice given by or to the attorney for either party shall be as effective as if given by or to said party.

XXIV. CONVEYANCE: Seller shall convey title to the Property by warranty deed subject only to matters contained in Paragraph V hereof and those otherwise accepted by Buyer. Personal property shall, at the request of Buyer, be conveyed by an absolute bill of sale with warranty of title, subject to such liens as may be otherwise provided for herein.

XXV. DISCLOSURE: Buyer is purchasing property from seller to rehab, and/or rent, and/or resell or assign property, with the intent to speculate for a profit. Buyer may market the

property on the MLS (Multiple Listing Service) prior to closing.

XXVI.    PENDING LITIGATION: Seller warrants and represents that there are no legal actions, suits or other legal or administrative proceedings, including cases, pending or threatened or similar proceedings affecting the Property or any portion thereof, nor has Seller knowledge that any such action is presently contemplated which might or does affect the conveyance contemplated hereunder.

XXVII.    OTHER AGREEMENTS:
i. No prior or present agreements or representations shall be binding upon any of the Parties hereto unless incorporated in this Contract. No modification or change in this Contract shall be valid or binding upon the Parties unless in writing, executed by the Parties to be bound thereby.
ii. Buyer may unilaterally extend the closing date for eight(8) business days upon written notice to Seller, given prior to or on the date of closing.
iii. Closing date shall be unilaterally extended thirty(30) business days past completion of any probate proceedings required by Seller to provide clear and marketable title to Buyer.
iv. This agreement may be signed in multiple counterparts each of whom shall be deemed to be an original. For all purposes herein, an electronic or facsimile signature shall be deemed the same as an original signature.
v. All utilities for property shall be left on for duration of closing period or turned on in Seller(s) name at their sole expense if requested by Buyer.

XXVIII.   RIGHT TO SHOW: Buyer reserves the right to show property prior to settlement for reasons including contractor's estimations & funding partner(s).

XXIX.    CONDITION OF IMPROVEMENTS: **PROPERTY SHALL BE PURCHASED AS IS.** Buyer is responsible for obtaining U & O, and all related repairs.

XXX(30).   COVID-19 NOTICE: Notwithstanding any provision to the contrary contained herein, in the event the Closing cannot occur when scheduled due to a COVID-19 related event ("CRE") resulting in the closing attorney, the mortgage lender and/or the Buyer and/or Seller being unable to perform their respective obligations, then the Closing shall be postponed until 7 business days after the specific event delaying the Closing has been resolved. If the Buyer or Seller is unable to perform due to a CRE, the affected party shall promptly notify the other party both of the CRE and of its resolution. Buyer or Seller having concerns about attending the Closing or self-quarantining (in the absence of a quarantine or government ordered lockdown

that specifically applies to Buyer and/or Seller) shall not excuse Buyer or Seller from attending the Closing either in-person or through a power of attorney. Buyer or Seller presently having COVID-19 shall excuse Buyer and/or Seller from attending the Closing until the party is no longer at risk of infecting others. However, in all situations where Buyer and/or Seller cannot physically attend the Closing, Buyer and or Seller shall use their best efforts to fulfill their contractual obligations through a power of attorney.

If the CRE causing the delay results in the Closing being delayed by more than 45 business days from the original Closing date, then either Buyer or Seller may terminate this Agreement without penalty upon notice to the other party.

_____
Buyer

_10/2/24_____
Date

_Rhoda y Eshel_____
Seller

_Oct 2, 2024_____
Date

FILE#_____

# SELLER INFORMATION SHEET
## BAGWELL & ASSOCIATES, PC
2931 Piedmont Road, Suite C, Atlanta, GA 30305
Phone 678-528-1908/Fax 678-528-4116
email Orders@BagwellAssociates.com

PROPERTY ADDRESS: 1874 Fort Valley Dr SW

First Name: Rhoda     Last Name: Echols     SS#: 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

First Name: _____     Last Name: _____     SS#: _____

Email Address: _____     Phone Number: _____

Forwarding Address: 1950 Slym Road SW, Apt 447, Atlanta, Ga, 30310
Is Seller a US Citizen? yes

**Closing Needs/Requests**
____ Closing at our office during normal business hours     ____ Mail Away Closing ($250.00 Fee Applies)

____ Remote Closing (we come to you/Fee dependent upon travel distance and closing date/time)

____ Utilize a Power of Attorney; someone else signing for you at our office (Fee $150.00 plus recording costs)

Name of Person Signing for Seller: _____
PLEASE ATTACH A COPY OF THEIR GOVERNMENT ISSUE PICTURE IDENTIFICATION

**Payoff Information:**
First Mortgage Lender: SN Servicing     Phone#: 1800 603-0836     Loan#: 0000292897

Second Mortgage Lender: _____     Phone#: _____     Loan#: _____

**Homeowners/Condominium Owners Association Information**

HOA Name: N/A     Phone#: _____     Email: _____

Please give us any other information that may be necessary for your sale of the above referenced property:

_____

I hereby authorize Bagwell & Associates to obtain payoff information for the above referenced loan(s) and obtain any other information Bagwell & Associates deems necessary to process the closing on this property; I further certify that all information listed on this page is accurate at the date that this authorization was signed.

Rhoda J Echols                              Oct 2, 2014
Seller Signature                             Date

_____                           _____
Seller Signature                             Date

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: ) CASE NO.22-57385-JWC
Rhoda Lynn Echols, )
    Debtor. ) CHAPTER 13
)

## NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that **Rhoda Lynn Echols** has filed **Motion to Sell Real Property and Application for Compensation of Debtor's Counsel** and related papers with the Court seeking an order **permitting Debtor to sell real property**. This motion also requests additional compensation for Debtor's attorney, King & King Law LLC, in the amount of $500.00.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion to Sell Real Property and Application for Compensation of Debtor's Counsel at **10:20 A.M.** on **December 3, 2024,** in Courtroom 1203, 75 Ted Turner Drive S.W., Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. Youy should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

    Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing.  Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

    Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.

S. Bankruptcy Court, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Date: 11/04/2024

KING & KING LAW LLC

_____/S/__

Sean Fields
Georgia Bar No. 926158
215 Pryor Street
Atlanta, GA 30303
(404) 524-6400
notices@kingkingllc.com
**Attorney for Debtor**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO.22-57385 -JWC |
| Rhoda Lynn Echols, | ) |
|     Debtor. | )  CHAPTER 13 |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on the **4th** day of **November, 2024,** I electronically filed the foregoing **Motion to Sell Real Property and Application for Compensation of Debtor's Counsel and Notice of Hearing** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients and the attached matrix not participating in the CM/ECF system as follows:

Rhoda Lynn Echols
1874 Fort Valley Drive, SW
AtlantaGA30311

Nancy J. Whaley
303 Peachtree Center Av, Truist Garden Offices, Suite 120
Atlanta, GA 30303; Via E-notice ecf@njwtrustee.com
**Via email:  mail@13trusteeatlanta.com**
**Via email:  ecf@njwtrustee.com**
**Via email:  courtdailysumary@atlch13tt.com**

U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303

Date:  11/04/2024                                             /S/
                                                             Sean Fields
                                                             Georgia Bar No. 926158
                                                             215 Pryor Street
                                                             Atlanta, GA 30303
                                                             (404) 524-6400
                                                             notices@kingkingllc.com
                                                             **Attorney for Debtor**

```
Label Matrix for local noticing        Ashley Funding Services, LLC         CITIMORTGAGE
113E-1                                  Resurgent Capital Services           PO BOX 6243
Case 22-57385-jwc                       PO Box 10587                         SIOUX FALLS, SD 57117-6243
Northern District of Georgia            Greenville, SC 29603-0587
Atlanta
Mon Nov  4 14:52:17 EST 2024

Rhoda Lynn Echols                       (p)GEORGIA DEPARTMENT OF REVENUE     IRS
1874 Fort Valley Drive, SW              COMPLIANCE DIVISION                  Centralized Insolvency Operations
Atlanta, GA 30311-5103                  ARCS BANKRUPTCY                      P.O. Box 7346
                                        1800 CENTURY BLVD NE SUITE 9100      Philadelphia, PA 19101-7346
                                        ATLANTA GA 30345-3202

Karen King                              Marc E. Ripps                        SN Servicing Corporation
King & King Law LLC                     Marc E. Ripps, Esq.                  Attn:  Bankruptcy Dept
215 Pryor Street, S.W.                  P O Box 923533                       323 Fith Street
Atlanta, GA 30303-3748                  Norcross, GA 30010-3533              P. O. Box 35
                                                                             Eureka, CA 95502-0035

U.S. Bank Trust National Association, as   United States Attorney            Nancy J. Whaley
Trustee of the Bungalow Series III Trust   Northern District of Georgia      Nancy J. Whaley, Standing Ch. 13 Trustee
c/o SN Servicing Corporation               75 Ted Turner Drive SW, Suite 600 Suite 120, Truist Plaza Garden Offices
323 Fifth Street                           Atlanta GA 30303-3309             303 Peachtree Center Avenue
Eureka, CA 95501-0305                                                        Atlanta, GA 30303-1216
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Georgia Department of Revenue
1800 Century Blvd NE Suite 910
Atlanta, GA 30345


          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)U.S. Bank Trust National Association       End of Label Matrix
                                              Mailable recipients    11
                                              Bypassed recipients     1
                                              Total                  12